UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON

**WILLIAM BALLENGER,**

       **Petitioner,**

v.                                            Case No. 3:15-cv-09126

**LARRY CRAWFORD, Administrator,
Western Regional Jail,**

       **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (ECF No. 3). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT FACTUAL BACKGROUND

The petitioner filed the instant petition on July 1, 2015, when he was incarcerated as a pre-trial detainee housed at the Western Regional Jail in Barboursville, West Virginia, on charges then pending in the Circuit Court of Cabell County, West Virginia. According to the petition, the petitioner was charged with first degree robbery, second degree robbery, malicious wounding, and misdemeanor obstruction. The petition contends that the petitioner was being denied his right to a speedy trial and to have all of the evidence against him tested and examined before trial. The petition further indicated that, in addition to pre-trial motions allegedly filed by his counsel, the petitioner had filed

several pro se motions, including a motion to dismiss his indictment based upon the alleged speedy trial violation, which the Circuit Court refused to consider because the petitioner was represented by counsel. The petition further suggests the potential judicial bias of the circuit judge assigned to his case. However, the petition does not indicate what efforts, if any, the petitioner had taken to exhaust the available state court remedies prior to filing the instant petition in federal court.

## ANALYSIS

As a preliminary matter, the undersigned concludes that this petition is not cognizable under 28 U.S.C. § 2254 and, instead, must be construed as a petition for relief under 28 U.S.C. § 2241. A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). However a pretrial detainee is not "in custody" pursuant to a state court judgment, so section 2254 relief is unavailable. *See Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir. 1987). Rather, a pre-trial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies. *See* 28 U.S.C. § 2241(c)(3); *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004) (section 2241 applies to individuals placed in state pre-trial detention).

Because the petitioner was a pre-trial detainee at the time he filed the instant petition, he was not in custody pursuant to a state court judgment and, thus, section 2254 does not apply. Accordingly, the undersigned construes this petition under section 2241. However, the petitioner had not exhausted his claims in state court prior, as required before seeking federal review. Although section 2241 contains no express reference to exhaustion of state remedies, as does section 2254, courts have held that exhaustion is

necessary prior to filing a section 2241 petition.  *See e.g., Braden v. 30th Jud. Cir.*, 410 U.S. 484, 490-491 (1973); *Moore v. DeYoung*, 515 F.2d 437, 442-43 (3d Cir. 1975).  To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." *Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *see O'Sullivan v. Boerckel*, 526 U.S. 838 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")

Here, the docket sheet from Cabell County establishes that the petitioner has not filed a habeas petition with that court.  Moreover, the Clerk of the West Virginia Supreme Court has no record that the petitioner initiated and completed any proceeding there, be it a writ of mandamus, writ of prohibition, or writ of habeas corpus, prior to filing the instant petition.  Therefore, it is clear that the petitioner did not exhausted his state court remedies, and therefore, he cannot proceed with a habeas petition before this court.

Moreover, it appears that any habeas corpus petition challenging the petitioner's pre-trial detention is now moot in light of his subsequent conviction and sentencing.  The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.  U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).  When a case or controversy no longer exists, the claim is said to be "moot."  In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance.  *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998);

3

*Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).

Although the petitioner is still incarcerated, he is now in custody as a convicted and sentenced felon.[1]  Thus, the specific issue of whether the petitioner's pretrial detention was unlawful is now moot.  Although the petitioner may ultimately be able to pursue habeas corpus relief concerning his conviction and sentence in this court under 28 U.S.C. § 2254 (the statute applicable to applications for a writ of habeas corpus sought by a person in custody pursuant to the judgment of a state court), he may not do so unless and until he has exhausted all available state court remedies, as discussed herein.

### RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Petition for a Writ of Habeas Corpus (ECF No. 3) and dismiss this civil action.  It is further respectfully **RECOMMENDED** that the presiding District Judge specify that the petition was treated as being filed under 28 U.S.C. § 2241, and that the dismissal thereof does not count as a dismissal of a first petition under 28 U.S.C. § 2254, despite being docketed as such.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers,

---

[1] On May 2, 2016, the petitioner was found guilty by a jury of second degree robbery, battery, and obstruction of a police officer, and, on August 16, 2016, he was found to be a recidivist. On September 20, 2016, the petitioner was sentenced to life with mercy under West Virginia's recidivist statute. *See* Mem. Decision, *State v. Ballenger*, No. 16-0986 (Nov. 22, 2017).  Accordingly, should the petitioner wish to challenge the constitutionality of his conviction or sentence, he may now be able to file a separate Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, once he has exhausted the available state court remedies concerning each claim he may wish to pursue and subject to the parameters of sections 2254 and 2244(d)(1).

4

United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the petitioner at the Mount Olive Correctional Complex, where he is now incarcerated.

<u>April 5, 2018</u>

Dwane L. Tinsley
United States Magistrate Judge